

**FILED**
VANESSA L. ARMSTRONG, CLERK

APR 26 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA     PLAINTIFF

v.     CRIMINAL ACTION NO. 3:15CR-15-CRS

MOHAMMED F. HANAIDI     DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the Indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The Indictment or formal charge against a defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that the defendant has no obligation to testify. Therefore, if the defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

## Count 1 – Conspiracy to Commit Marriage Fraud

Count 1 of the Indictment charges the defendant, Mohammed F. Hanaidi, with conspiracy to commit the crime of marriage fraud in violation of 18 U.S.C. § 371.

Title 18 U.S.C. § 371 makes it a separate federal crime for a person to conspire with someone else to do something which, if actually carried out, would amount to another federal crime. So, under this law, a conspiracy is a kind of criminal partnership. The essence of a conspiracy is the making of an agreement itself (followed by the commission of an overt act), and therefore it is not necessary for the United States to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

For you to find the defendant guilty of the charged conspiracy, the United States must prove each of the following elements beyond a reasonable doubt:

First: that on or about January 1, 2013 and continuing until on or about December 3, 2013, Mohammed F. Hanaidi came to a mutual understanding with Jennifer M. Rhoads, a United States citizen, to try to accomplish a common and unlawful plan, that is, to knowingly enter into a marriage for the purpose of evading a provision of the immigration laws;

Second, that the defendant knowingly and voluntarily became a member of such conspiracy; and

Third, that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

With regard to the first element, the United States must prove that two or more persons conspired, that is agreed, to commit the crime of marriage fraud. What the United States must prove is that there was a mutual understanding, either spoken or unspoken, between two or more persons, to cooperate with each other to commit the crime of marriage fraud. This does not require proof of any formal

agreement. Nor does this require proof that those involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the United States to convince you beyond a reasonable doubt that such facts and circumstances existed in this particular case.

With regard to the second element, the United States must prove beyond a reasonable doubt that the defendant knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident. The Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the United States to convince you beyond a reasonable doubt that such facts and circumstances existed in this particular case.

The word "voluntarily," as that term has been used in these instructions, means that the act was committed intentionally and purposely, with the specific intent to do something the law forbids.

With regard to the third element, the United States must prove beyond a reasonable doubt that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy. The Indictment lists

overt acts. The United States does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Your foreperson will indicate your unanimous verdict as to Count 1 on Verdict Form A. You will then proceed to the next instruction.

## Count 2 – Marriage Fraud

Count 2 of the Indictment charges Mohammed Hanaidi with marriage fraud in violation of 8 U.S.C. 1325(c). It is a crime to knowingly enter into a marriage with a person who is a United States citizen for the purpose of evading any provision of the immigration laws.

For you to find the defendant guilty of marriage fraud, the United States must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly entered into a marriage with Jennifer M. Rhoads, a United States citizen;

Second, that the marriage was entered into for the purpose of evading a provision of the immigration laws; and

Third, that the defendant knew or had reason to know of the immigration laws.

To prove that the defendant acted knowingly, the United States does not have to prove that the defendant knew the specific law being violated. However, the United States must prove that the defendant acted with the knowledge that his conduct was unlawful.

Your foreperson will indicate your unanimous verdict as to Count 2 on Verdict Form B.

You will note that the Indictment charges that the crime was committed "on or about" certain dates. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that a crime was committed on a date reasonably near the date alleged.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

The question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Snapchat, LinkedIn, YouTube, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdicts.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdicts has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.